Danica Anderson Glaser, District of Columbia Bar No. 1005853
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044
Phone: (202) 514-5270
Email: danica.glaser@usdoj.gov

Joshua D. Hurwit, Idaho State Bar No. 9527
United States Attorney
Christine G. England, Idaho State Bar No. 11390
Assistant United States Attorney
District of Idaho
1290 W. Myrtle St. Suite 500
Boise, ID 83702-7788
Telephone: (208) 334-1211
Email: Christine.England@usdoj.gov

*Attorneys for Plaintiff, United States of America*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DICONIA LLC; BRIAN TIBBETS; BREK A. PILLING; and<br>0.15 ACRES OF LAND, More or Less, located in Cassia County, Idaho,<br><br>Defendants. | Civil Action No. 4:25-cv-7 |

## VERIFIED COMPLAINT

Plaintiff, the United States of America, by the authority of the Attorney General and through the undersigned attorneys, and at the request of the Administrator of the Environmental Protection Agency (EPA), files this Complaint and alleges as follows.

## I. NATURE OF THE ACTION

1. This is a civil action for:

a. recovery of costs, pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended by the Superfund Amendments and Reauthorization Act of 1986 (CERCLA), 42 U.S.C. § 9607, that the United States has incurred in connection with the release or threatened release of hazardous substances into the environment at and from a facility owned by Diconia LLC (Diconia) and operated by Brian Tibbets (Tibbets) and Brek A. Pilling (Pilling), located in downtown Burley, Idaho (the Site);

b. a declaratory judgment on Defendant's liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages in connection with the Site; and

c. recovery *in rem* of the costs, pursuant to Section 107(*l*) of CERCLA, 42 U.S.C. § 9607(*l*), constituting the Federal lien against the real property comprising the Site.

## II. JURISDICTION, VENUE, AND AUTHORITY

2. This Court has jurisdiction over this action pursuant to Sections 107(a), 107(l)(4), and 113(b) of CERCLA, 42 U.S.C. §§ 9607(a), 9607(l)(4), and 9613(b), and pursuant to 28 U.S.C. §§ 1331 and 1345. This Court has jurisdiction over the property that is the subject matter of the *in rem* action pursuant to Section 107(*l*)(4) of CERCLA, 42 U.S.C. § 9607(*l*)(4), 28 U.S.C. § 1655, and Federal Rule of Civil Procedure 4(n).

3. Venue is proper in this district pursuant to Sections 107(*l*)(4) and 113(b) of CERCLA, 42 U.S.C. §§ 9607(*l*)(4) and 9613(b), and pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1395, because the releases or threatened releases of hazardous substances occurred in this district, because the removal action which led to EPA's incurrence of response costs occurred in this district, and because the Site is located in this district.

## III. DEFENDANTS

4. Defendant Brian Tibbets (Tibbets) is a person within the meaning of Sections 101(21), 104(a) and 107(a) and (*l*) of CERCLA, 42 U.S.C. §§ 9601(21), 9604(a) and 9607(a) and (*l*). Tibbets was an operator of the Site at the time of the disposal of hazardous substances.

5. Defendant Brek A. Pilling (Pilling) is a person within the meaning of Sections 101(21), 104(a) and 107(a) and (*l*) of CERCLA, 42 U.S.C. §§ 9601(21), 9604(a) and 9607(a) and (*l*). Pilling was an operator of the Site at the time of the disposal of hazardous substances.

6. Defendant Diconia LLC (Diconia) is a Nevada limited liability company organized in 2009 by Tibbets and two other individuals. On information and belief, since 2010, Tibbets has been the sole member. Diconia is a person within the meaning of Sections 101(21), 104(a) and 107(a) and (*l*) of CERCLA, 42 U.S.C. §§ 9601(21), 9604(a) and 9607(a) and (*l*). Diconia is the current owner of the Site and was the owner of the Site at the time of the disposal of hazardous substances.

7. Defendant 0.15 Acres of Land, More or Less, located in Cassia County, Idaho (the Property) is the subject of the United States' *in rem* claim in this action and includes the Site.

## IV. FACTUAL BACKGROUND

### A. The Site

8. The Site is located on Overland Avenue in downtown Burley, Idaho, and is coextensive with the Property, which consists of the following parcel:

> Lots 26 and 27 in Block 120 of the Burley Townsite, Cassia County, Idaho, as the same is platted in the official plat thereof, now of record in the office of the Recorder of said County.

9. Diconia acquired the Property which constitutes the Site via quitclaim deed on or about October 12, 2017. Diconia has owned the property since that time and currently owns the property.

10. On or about January 29, 2018, a fire destroyed two vacant buildings located on the Property.

11. In early February 2018, Pilling communicated with various contractors and obtained quotes for demolishing the fire-damaged buildings.

12. On or about February 17, 2018, the fire-damaged buildings were demolished by Evan Carnahan (Carnahan), working for a contracting firm called Curb A Peal LLC (Curb A Peal).

13. Pilling was an organizer of, and the registered agent for, Curb A Peal. He had an ownership stake in Curb A Peal through an investment company he managed, and was listed as an authorized signer and "key executive with control of the company" on Curb A Peal's bank account paperwork.

14. On the days that Curb A Peal was demolishing the buildings, Pilling communicated extensively with Carnahan by telephone.

15. After demolishing the buildings, Curb A Peal hauled some of the debris to a local gravel pit. The remaining demolition debris was left on the Site.

16. On information and belief, on or about February 26, 2018, Pilling signed a check from Diconia to Curb A Peal for $20,000.

**B. Response Action**

17. On February 20, 2018, EPA received a complaint regarding potential asbestos in the demolished buildings. Through late February and March, EPA communicated with both Tibbets and Pilling about proper management of the Site.

18. On or about March 7, 2018, Pilling sent samples of the building debris for asbestos sampling. On March 13, 2018, EPA conducted an asbestos compliance inspection at the Site, noted a lack of site controls, and collected samples of the building debris from both the Site and the gravel pit where some of the debris had been transported.

19. Analysis of the samples collected by both Pilling and EPA indicated that the building debris contained asbestos-containing materials (ACM) as defined in EPA regulations at 40 C.F.R. § 61.141.

20. On March 21, 2018, EPA determined that a removal action under Section 104 of CERCLA, 42 U.S.C. § 9604, was necessary to protect the public health, welfare or the environment.

21. Between March and August 2018, EPA attempted to work with Tibbets and Diconia to perform the removal action. Tibbets was initially cooperative with putting temporary mitigation measures in place, but the debris was not removed.

22. On August 10, 2018, EPA did an unannounced Site visit and determined that the Site conditions presented an imminent threat to human health and an emergency removal action under CERCLA was necessary. EPA issued a Unilateral Administrative Order under Section 106 of CERCLA, 42 U.S.C. § 9606, to Diconia on August 14, 2018, and EPA contractors were activated and mobilized to the Site to begin work on August 17, 2018.

23. EPA's contractors demobilized from the Site on August 31, 2018, and the removal action was deemed completed on September 28, 2018. The removal action involved loading, wrapping and transporting approximately 812 tons of ACM debris off-site to an authorized disposal facility, as well as debris wetting and stabilization, debris pile management and materials sorting, decontamination and asbestos abatement on adjacent buildings and walls, and air sampling and monitoring.

**C. Federal Lien**

24. In conducting the emergency removal activities, EPA incurred costs for which Diconia, among others, is liable. These costs constitute a lien against the real property comprising the Site pursuant to Section 107(*l*) of CERCLA, 42 U.S.C. § 9607(*l*), because that property belongs to Diconia and is subject to or affected by a removal or remedial action.

25. On or about November 6, 2018, EPA provided written notice of the lien to Tibbets as the registered agent for Diconia, and requested that Diconia notify EPA if it believed EPA did not have a reasonable basis upon which to perfect the lien. EPA also notified Diconia that it could request a meeting with a neutral EPA official to present any information it had to indicate EPA did not have a reasonable basis upon which to perfect the lien. Neither Diconia nor Tibbets responded to the notice.

26. On or about December 17, 2018, EPA perfected a lien on the real property of the Site for the United States' costs in connection with the Site.

## V. <u>STATUTORY BACKGROUND</u>

27. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides, in pertinent part:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section–
> (1) the owner and operator of a vessel or a facility,
> (2) any person who at the time of disposal of any hazardous

> substance owned or operated any facility at which such hazardous substances were disposed of,
>
> ***
>
> (4) . . . from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for –
>
> (A) all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the national contingency plan . . .

28. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), also provides that "the amounts recoverable in an action under this Section shall include interest on the amounts recoverable under subparagraphs (A) through (D)."

29. Liability under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), is strict and joint and several.

30. Section 113(g)(2)(B) of CERCLA, 42 U.S.C. § 9613(g)(2), entitles the United States to obtain a declaratory judgment on liability for future response costs: "[T]he court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages."

31. Section 107(*l*) of CERCLA, 42 U.S.C. § 9607(*l*), provides in pertinent part:

> (1) **In general**. All costs and damages for which a person is liable to the United States under subsection (a) of this section . . . shall constitute a lien in favor of the United States upon all real property and rights to such property which –
>
> (A) belong to such person; and
>
> (B) are subject to or affected by a removal or remedial action.
>
> (2) **Duration.** The lien imposed by this subsection shall arise at the later of the following:
>
> (A) The time costs are first incurred by the United States with respect to a response action under this chapter.

> (B) The time that the person referred to in paragraph (1) is provided (by certified or registered mail) written notice of potential liability.
>
> Such lien shall continue until the liability for the costs (or a judgment against the person arising out of such liability) is satisfied or becomes unenforceable through operation of the statute of limitations provided in section 9613 of this title.
>
> ***
>
> (4) **Action in rem.** The costs constituting the lien may be recovered in an action in rem in the United States district court for the district in which the removal or remedial action is occurring or has occurred.

## VI. ALLEGATIONS

32. The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

33. Asbestos is a "hazardous substance" within the meaning of Sections 101(14) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(13), 9607(a).

34. "Disposal" of hazardous substances, namely asbestos, occurred at the Site within the meaning of Sections 101(29) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(29), 9607(a).

35. There have been "releases" and "threatened releases" of asbestos at and from the Site, within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22).

36. As of December 12, 2024, EPA has incurred response costs totaling at least $863,862 in connection with its response action at the Site.

**<u>COUNT 1</u>**
**Joint and Several Liability as to Diconia, Tibbets, and Pilling**

37. Paragraphs 1 through 36 are re-alleged and incorporated herein by reference.

38. As a current owner of a facility and as an owner of a facility at the time of the disposal of hazardous substances at the facility, Diconia is within the classes of liable parties described in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

39. As an operator of a facility at the time of the disposal of hazardous substances at the facility, Tibbets is within the classes of liable parties described in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

40. As an operator of a facility at the time of the disposal of hazardous substances at the facility, Pilling is within the classes of liable parties described in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

41. EPA's response action constitutes a "removal" and a "response action" within the meaning of Section 101(23) and 101(25) of CERCLA, 42 U.S.C. §§ 9601(23) and 9601(25).

42. As a result of the releases or threatened releases of hazardous substances from the Site, the United States has undertaken response actions not inconsistent with the National Oil and Hazardous Substances Pollution Contingency Plan, 40 C.F.R. Part 300, and has incurred response costs, including the costs of a removal action, as defined in Sections 101(23), (24) and (25) of CERCLA, 42 U.S.C. § 9601(23), (24) and (25), and as used in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

43. Defendants Diconia, Tibbets, and Pilling are each jointly and severally liable to the United States for all costs incurred by the United States in connection with response actions at the Site, including enforcement costs and prejudgment interest on all such costs, pursuant to Sections 107(a) and 113(g)(2) of CERCLA, 42 U.S.C. §§ 9607(a), 9613(g)(2).

**COUNT 2**
***In Rem* Claim as to the Site.**

44. Paragraphs 1 through 36 are re-alleged and incorporated herein by reference.

45. Under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Diconia is a person liable to the United States for all response costs incurred by the United States in connection with the Site, including enforcement costs and prejudgment interest on such costs. Pursuant to Section 107(*l*) of CERCLA, 42 U.S.C. § 9607(*l*), the costs incurred by the United States in connection with the Site constitute a lien upon the real property constituting the Site.

46. Diconia was provided with written notice of potential liability on or about November 6, 2018, informing Diconia that it was a potentially responsible party under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Pursuant to Section 107(*l*)(2) of CERCLA, 42 U.S.C. § 9607(*l*)(2), a lien upon the Site arose on that date and will continue until liability for the United States' unreimbursed response costs incurred in connection with the Site is satisfied.

47. Pursuant to Section 107(*l*)(3) of CERCLA, 42 U.S.C. § 9607(*l*)(3), the United States properly perfected its lien upon the Site by filing a notice in the appropriate office within the State and County in which the property is located. Pursuant to Section 107(*l*)(4) of CERCLA, 42 U.S.C. § 9607(*l*)(4), the costs constituting the lien may be recovered in an action *in rem* in the United States District Court for the District of Idaho.

**RELIEF SOUGHT**

WHEREFORE, Plaintiff respectfully requests that this Court provide the following relief:

1. Enter judgment in favor of the United States against defendants Diconia, Tibbets and Pilling for all response costs incurred by the United States in connection with the Site;

2. Enter a declaratory judgment, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that will be binding on any subsequent action or actions to recover further response costs or damages, declaring defendants Diconia, Tibbets and Pilling liable for any future response costs incurred by the United States in relation to the Site;

3. Order that the Property be sold and that the proceeds from such sale be paid to the United States in reimbursement of response costs covered by the lien;

4. Award the United States its costs of this Action; and

5. Grant the United States such further relief as this Court may deem just and proper.

Respectfully Submitted,

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

Dated: January 7, 2025

/s/ *Danica Anderson Glaser*
DANICA ANDERSON GLASER
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044
(202) 514-5270
danica.glaser@usdoj.gov

JOSHUA D. HURWIT
U.S. Attorney
U.S. Attorney's Office, District of Idaho

Dated: January 7, 2025

/s/ *Christine Gealy England*

Christine Gealy England
Assistant U.S. Attorney
District of Idaho
(208) 334-1184
christine.england@usdoj.gov

**VERIFICATION OF COMPLAINT**

I, Stephen Ball, am employed by the United States Environmental Protection Agency as an On-Scene Coordinator. I was responsible for the EPA's removal action at the Burley Demolition Asbestos Site which is the subject of this Verified Complaint from March 21, 2018, to September 28, 2018. I have reviewed EPA's Action Memorandum for the Removal Action and EPA's enforcement file and also have personal knowledge pertaining to certain of the facts addressed herein. I swear under pains of perjury that the allegations set forth above are true and accurate to the best of my knowledge.

Stephen Ball Digitally signed by Stephen Ball
Date: 2025.01.06 15:25:14
-07'00'

Date: ________

Stephen Ball
On-Scene Coordinator
U.S. Environmental Protection Agency
Region X