Jeffrey S. Beelaert, ISB No. 12384
Preston N. Carter, ISB No. 8462
Morgan D. Goodin, ISB No. 11184
GIVENS PURSLEY LLP
601 West Bannock Street
Post Office Box 2720
Boise, Idaho  83701-2720
Telephone  (208) 388-1200
Facsimile  (208) 388-1300
prestoncarter@givenspursley.com
jbeelaert@givenspursley.com
morgangoodin@givenspursley.com
18728074.6 [16278.1]

*Attorneys for Defendant Brek A. Pilling*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DICONIA LLC; BRIAN TIBBETS; BREK A. PILLING; and 0.15 ACRES OF LAND, More or Less, located in Cassia County, Idaho,<br><br>Defendants. | Case No. 4:25-cv-00007-AKB<br><br>DEFENDANT BREK A. PILLING'S ANSWER TO VERIFIED COMPLAINT AND CROSSCLAIMS AGAINST DICONIA LLC AND BRIAN TIBBETS |

Defendant Brek A. Pilling (Pilling), in response to Plaintiff United States of America's (Plaintiff) Verified Complaint (Complaint) (Dkt. 1), answers and crossclaims against Diconia LLC and Brian Tibbets.

Pilling denies all allegations unless specifically admitted.

**NATURE OF THE ACTION**

1. Pilling admits that the Complaint is a civil action that seeks recovery of costs under section 107 of CERCLA, 42 U.S.C § 9607; that the civil action is brought against Pilling, Diconia

LLC (Diconia), and Brian Tibbets; and that the allegations generally relate to a building owned by Diconia located in downtown Burley, Idaho. Pilling denies all remaining allegations in this paragraph (including subparagraphs) of the Complaint.

### JURISDICTION, VENUE, AND AUTHORITY

2. Pilling admits that the Court has jurisdiction over this action. Pilling denies all remaining allegations in this paragraph of the Complaint.

3. Pilling admits that venue is proper. Pilling denies all remaining allegations in this paragraph of the Complaint.

### DEFENDANTS

4. Pilling admits that Brian Tibbets is a person as defined in CERCLA and that Tibbets was an operator of the Site. Pilling denies all remaining allegations in this paragraph of the Complaint.

5. Pilling denies the allegations in this paragraph of the Complaint.

6. Pilling admits, upon information and belief, that Diconia is a Nevada limited liability company and that Tibbets was the sole member during time periods relevant to the Complaint. Pilling admits that Diconia is a person under CERCLA, and that Diconia was the owner of the Site during time periods relevant to the Complaint. Pilling denies all remaining allegations in this paragraph of the Complaint.

7. Pilling admits, upon information and belief, that the property that housed the building at issue in the Complaint is located in Cassia County and is approximately .15 acres. Pilling denies all remaining allegations in this paragraph of the Complaint.

**FACTUAL BACKGROUND**

**A.     The Site**

8.     Pilling admits that the buildings at issue in the Complaint are located on Overland Avenue in downtown Burley, Idaho. Pilling denies all remaining allegations in this paragraph of the Complaint.

9.     Pilling admits, upon information and belief, that Diconia acquired the buildings in October 2017; that Diconia has owned the property since that time; and that Diconia currently owns the property. Pilling denies all remaining allegations in this paragraph of the Complaint.

10.    Pilling admits that a fire damaged two vacant buildings at this location in January 2018. Pilling denies all remaining allegations in this paragraph of the Complaint.

11.    Denied.

12.    Pilling admits that the fire-damaged buildings were demolished by Evan Carnahan, working for a business entity known as Curb A Peal. Pilling denies all remaining allegations in this paragraph of the Complaint.

13.    Denied.

14.    Denied.

15.    Pilling admits, upon information and belief, that Curb A Peal and/or Carnahan hauled some of the debris to a local location, and that some debris was left at its original location. Pilling denies all remaining allegations in this paragraph of the Complaint.

16.    Denied.

**B.     Response Action**

17.    Pilling lacks sufficient information to admit or deny the allegations in this paragraph of the Complaint and therefore denies them.

18. Pilling lacks sufficient information to admit or deny the allegations in this paragraph of the Complaint, and therefore denies them.

19. Pilling lacks sufficient information to admit or deny the allegations in this paragraph of the Complaint, and therefore denies them.

20. Pilling lacks sufficient information to admit or deny the allegations in this paragraph of the Complaint, and therefore denies them.

21. Pilling lacks sufficient information to admit or deny the allegations in this paragraph of the Complaint, and therefore denies them.

22. Pilling lacks sufficient information to admit or deny the allegations in this paragraph of the Complaint, and therefore denies them.

23. Pilling lacks sufficient information to admit or deny the allegations in this paragraph of the Complaint, and therefore denies them.

**C.     Federal Lien**

24. Pilling lacks sufficient information to admit or deny the allegations in this paragraph of the Complaint, and therefore denies them.

25. Pilling lacks sufficient information to admit or deny the allegations in this paragraph of the Complaint, and therefore denies them.

26. Pilling lacks sufficient information to admit or deny the allegations in this paragraph of the Complaint, and therefore denies them.

### STATUTORY BACKGROUND

27. This paragraph of the Complaint contains legal conclusions that do not require a response. To the extent a response is required, denied.

28. This paragraph of the Complaint contains legal conclusions that do not require a response. To the extent a response is required, denied.

29. This paragraph of the Complaint contains legal conclusions that do not require a response. To the extent a response is required, denied.

30. This paragraph of the Complaint contains legal conclusions that do not require a response. To the extent a response is required, denied.

31. This paragraph of the Complaint contains legal conclusions that do not require a response. To the extent a response is required, denied.

### ALLEGATIONS

32. Pilling lacks sufficient information to admit or deny the allegations in this paragraph of the Complaint, and therefore denies them.

33. This paragraph of the Complaint contains legal conclusions that do not require a response. To the extent a response is required, denied.

34. Pilling lacks sufficient information to admit or deny the allegations in this paragraph of the Complaint, and therefore denies them.

35. Pilling lacks sufficient information to admit or deny the allegations in this paragraph of the Complaint, and therefore denies them.

36. Pilling lacks sufficient information to admit or deny the allegations in this paragraph of the Complaint, and therefore denies them.

### COUNT 1
### JOINT AND SEVERAL LIABILITY AS TO DICONIA, TIBBETS, AND PILLING

37. Pilling incorporates his responses to all preceding paragraphs.

38. Pilling admits that Diconia is the owner of the property at issue in the Complaint and, to the extent there was a release or threatened release of a hazardous material from the property

during Diconia's period of ownership, that Diconia is a potentially responsible party under CERCLA. Pilling denies all remaining allegations in this paragraph of the Complaint.

39. Pilling admits, upon information and belief, that Tibbets was an operator of the property at issue in the Complaint during the relevant time periods, and that Tibbets is therefore a potentially responsible party under CERCLA to the extent there was a release or threatened release of a hazardous material from the property. Pilling denies all remaining allegations in this paragraph of the Complaint.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## COUNT 2
### *IN REM* CLAIM AS TO THE SITE

44. Pilling incorporates his responses to all preceding paragraphs.

45. Pilling lacks sufficient information to admit or deny the allegations in this paragraph of the Complaint, and therefore denies them.

46. Pilling lacks sufficient information to admit or deny the allegations in this paragraph of the Complaint, and therefore denies them.

47. Pilling lacks sufficient information to admit or deny the allegations in this paragraph of the Complaint, and therefore denies them.

### RELIEF SOUGHT

1. Denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

**AFFIRMATIVE DEFENSES**

Pilling alleges the following affirmative defenses to the claims asserted against him in the Complaint:

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Complaint fails to state a claim upon which relief can be granted against Pilling because the United States has not alleged or stated any basis for an allegation that Pilling's conduct was the cause-in-fact or proximate cause of any of the alleged conditions, releases, hazardous materials, or other problems or hazards alleged in the Complaint.

3. The costs alleged to have been incurred by the United States in this action are not response costs recoverable from Pilling under CERCLA.

4. The costs alleged to have been incurred by the United States in this action are not necessary response costs consistent with the National Contingency Plan and therefore cannot be recovered against Pilling.

5. The United States' claims against Pilling are barred in whole or in part because any liability for costs alleged to have been incurred by the United States in this action can and should be apportioned.

6. The Complaint is barred, in whole or in part, by statutes of limitations.

7. The Complaint is barred, in whole or in part, by waiver and estoppel.

8. To the extent the United States has recovered or does recover costs associated with the actions alleged in the Complaint from another person, it is precluded from receiving those costs from Pilling by, among other things, 42 U.S.C. § 9614(b).

9.  The Complaint is barred by failure to join necessary and indispensable parties.

10. Pilling is not subject to liability under CERCLA section 107(b)(3), 42 U.S.C. § 9607(b)(3), because any release or threatened release of a hazardous substance and damages resulting therefrom were caused solely by the act or omission of a third party that did not have a contractual relationship with Pilling, and because Pilling (i) exercised due care with respect to any hazardous substances, taking into consideration the characteristics of the hazardous substance in light of all relevant facts and circumstances and (ii) took precautions against foreseeable acts or omissions of the third parties and the consequences that could foreseeably result from such acts or omissions.

11. Pilling denies liability for any costs alleged in the Complaint. However, if Pilling is held liable for any of the costs alleged to have been incurred by the United States in the Complaint, liability should be proportionate to Pilling's contribution to the alleged harm, endangerment, or other conditions created by the alleged release or threatened release of hazardous materials, taking into account the percentage of total volume of materials disposed of, the degree of involvement or control over the events alleged in the Complaint, and other equitable factors and taking into account these and other factors regarding the actions of the co-defendants, the United States, and other persons who contributed to the harm, endangerment, or other conditions created by the alleged release or threatened release of hazardous materials.

12. Discovery is ongoing. Pilling reserves the right to amend this answer, add additional affirmative defenses, and take all other actions as new facts are discovered.

## CROSSCLAIMS

Pilling files these crossclaims against Diconia and Tibbets under Federal Rule of Civil Procedure 13(g) and CERCLA section 113(f), 42 U.S.C. § 9613(f).

**GENERAL ALLEGATIONS**

1. Under CERCLA section 113(f), "[a]ny person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title." 42 U.S.C. § 9613(f)(1). A claim under section 113(f) may be brought "during or following any civil action under . . . section 9607(a) of this title." *Id.*

2. "In resolving contribution claims" under section 113(f), "the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate." *Id.*

3. Under Federal Rule of Civil Procedure 13(g), a "pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action." Fed. R. Civ. P. 13(g). "The crossclaim may include a claim that the coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant." *Id.*

4. This action is "a civil action" brought "under . . . section 9607(a)" of Title 42, section 107(a) of CERCLA.

5. Diconia owned the property, and the buildings, at issue in the Complaint during all time periods relevant to this action. If hazardous materials were released from the property or the buildings, as alleged by the United States in this action, Diconia is an "owner" of a facility from which hazardous materials are released and thus a "person who is liable or potentially liable under section 9607(a)" of Title 42. 42 U.S.C. § 9613(f)(1).

6. Tibbets was the sole member of Diconia during the time period relevant to the Complaint.

7. During the time period relevant to the Complaint, Tibbets had, and exercised, control over Diconia's actions with respect to the property and the buildings at issue in the Complaint, including control over Diconia's actions with respect to the ownership, control, and disposal of any asbestos contained within those buildings.

8. Pilling incorporates by reference, upon information and belief, the United States' allegations against Diconia and Tibbets in the Complaint, specifically: ¶21, ¶22, ¶25, and ¶38.

9. Pilling denies any liability for the costs sought by the United States in the Complaint. However, if Pilling is held liable for any costs, Pilling is entitled to contribution from Tibbets and Diconia in an amount to be proven at trial.

10. In addition, if Pilling is held liable for any costs, the Court should allocate costs among Pilling, Tibbets, and Diconia "using such equitable factors as the court determines are appropriate." 42 U.S.C. § 9613(f)(1). In such allocation, the Court should allocate all or substantially all costs to Diconia and Tibbets and none to Pilling.

## CROSSCLAIM COUNT 1
### (SECTION 113(F) CONTRIBUTION AGAINST DICONIA)

11. All preceding paragraphs are re-alleged and incorporated by reference.

12. Pilling incorporates, upon information and belief, the allegations within the following paragraphs of the Complaint: ¶21, ¶22, ¶25, and ¶38.

13. Diconia owned the property, and the buildings, at issue in the Complaint during all time periods relevant to this action. If hazardous materials were released from the property or the buildings, as alleged by the United States in this action, Diconia is an "owner" of a facility from which hazardous materials are released and thus a "person who is liable or potentially liable under section 9607(a)" of Title 42. 42 U.S.C. § 9613(f)(1).

14. Any actions taken by Pilling with respect to the property, demolition of the buildings, asbestos on the property or within the buildings, or otherwise related to the actions identified in the Complaint were taken on behalf of, and for the benefit of, Diconia as the owner of the property and the buildings.

15. Diconia failed to timely and adequately address safety and other issues associated with the fire-damaged buildings.

16. Diconia failed to timely and adequately address any safety or other issues associated with the urgent need to demolish the buildings once they were damaged.

17. Diconia failed to timely and adequately address concerns raised by EPA and other agencies regarding the buildings and the property.

18. To the extent Pilling had involvement with the actions alleged in the Complaint, those actions were taken due to Diconia's failure to timely and adequately address safety and other issues associated with the building, the property, debris associated with the property, and related issues.

19. If Pilling is determined to be a person liable to the United States under CERCLA section 107(a), 42 U.S.C. § 9607(a), and if Pilling is determined to be liable for any or all of the costs sought by the United States in this action, all such costs should be allocated to Diconia under CERCLA section 113(f)(1), 42 U.S.C. § 9613(f)(1), based on these and other equitable factors to be proven at trial.

### CROSSCLAIM COUNT 2
### (SECTION 113(F) CONTRIBUTION AGAINST TIBBETS)

20. All preceding paragraphs are re-alleged and incorporated by reference.

21. Pilling incorporates, upon information and belief, the allegations within the following paragraphs of the Complaint: ¶21, ¶22, ¶25, and ¶38.

22. Tibbets operated the property, and the buildings, at issue in the Complaint during all time periods relevant to this action. If hazardous materials were released from the property or the buildings, as alleged by the United States in this action, Tibbets is an "operator" of a facility from which hazardous materials are released and thus a "person who is liable or potentially liable under section 9607(a)" of Title 42. 42 U.S.C. § 9613(f)(1).

23. Tibbets selected and hired contractors to dispose of debris and materials at the property and from the buildings. If and to the extent that debris and those materials contained asbestos or other "hazardous materials" under CERCLA, Tibbets arranged for the disposal of them and is therefore a "person who is liable or potentially liable under section 9607(a)" of Title 42. 42 U.S.C. § 9613(f)(1).

24. Any actions taken by Pilling with respect to the property, demolition of the buildings, asbestos on the property or within the buildings, or otherwise related to the actions identified in the Complaint were taken on behalf of, and for the benefit of, Tibbets as the operator of the property and buildings and as the sole member of the owner of the property and buildings.

25. Tibbets failed to timely and adequately address safety and other issues associated with the fire-damaged buildings.

26. Tibbets failed to timely and adequately address any safety or other issues associated with the urgent need to demolish the buildings once they were damaged.

27. Tibbets failed to disclose to Pilling any samples that may have indicated the presence of asbestos within the debris or materials at the property or in the buildings.

28. Tibbets failed to timely and adequately address concerns raised by EPA and other agencies regarding the buildings and the property.

29. To the extent Pilling had involvement with the actions alleged in the Complaint, those actions were taken due to Tibbets' failure to timely and adequately address safety and other issues associated with the building, the property, debris associated with the property, and related issues.

30. To the extent Pilling had involvement with the actions alleged in the Complaint, those actions were taken by Pilling on Tibbets' behalf, at Tibbets' request, for the purposes of benefitting Tibbets regarding his status as operator of the property buildings and his status as sole member of Diconia.

31. If Pilling is determined to be a person liable to the United States under CERCLA section 107(a), 42 U.S.C. § 9607(a), and if Pilling is determined to be liable for any or all of the costs sought by the United States in this action, all such costs should be allocated to Tibbets under CERCLA section 113(f)(1), 42 U.S.C. § 9613(f)(1) based on these and other equitable factors to be proven at trial.

## CROSSCLAIM COUNT 3
### (DECLARATORY JUDGMENT AGAINST DICONIA)

32. All preceding paragraphs are re-alleged and incorporated by reference.

33. Pilling incorporates, upon information and belief, the allegations within the following paragraphs of the Complaint: ¶21, ¶22, ¶25, and ¶38.

34. Under the Declaratory Judgment Act, a court may declare the rights and other legal relations of any interested party seeking such declaration so long as it is a case of actual controversy with its jurisdiction. *See* 28 U.S.C. § 2201(a). A court may also grant further additional or necessary relief based on a declaratory judgment. *Id.* § 2022.

35. Under CERCLA section 9613(g)(2), 42 U.S.C. § 9613(g)(2), courts may "enter a declaratory judgment on liability for response costs or damages that will be binding on any

subsequent action or actions to recover further response costs or damages." By its terms, this provision relates to cost-recovery actions under CERCLA section 107(a), 42 U.S.C. § 9607(a). But courts have noted that it does not prohibit declaratory relief in a contribution action under CERCLA section 113(f), 42 U.S.C. § 9613(f), and declaratory relief is therefore available under CERCLA or the Declaratory Judgment Act. *See New York v. Solvent Chem. Co., Inc.*, 664 F.3d 22, 25 (2d Cir. 2011); *accord also ASARCO LLC v. Celanese Chem. Co.*, 792 F.3d 1203, 1213 n.5 (9th Cir. 2015) (noting that if a party had filed a contribution claim under section 113(f) "it could have sought a declaratory judgment for contribution costs").

36. The allegations contained in the Complaint confirm a present and actual controversy between the parties to this action.

37. Diconia owned the property, and the buildings, at issue in the Complaint during all time periods relevant to this action. If hazardous materials were released from the property or the buildings, as alleged by the United States in this action, Diconia is an "owner" of a facility from which hazardous materials are released and thus a "person who is liable or potentially liable under section 9607(a)" of Title 42. 42 U.S.C. § 9613(f)(1).

38. Any actions taken by Pilling with respect to the property, demolition of the buildings, asbestos on the property or within the buildings, or otherwise related to the actions identified in the Complaint were taken on behalf of, and for the benefit of, Diconia as the owner of the property and the buildings.

39. Diconia failed to timely and adequately address safety and other issues associated with the fire-damaged buildings. For example, and upon information and belief, when Diconia learned that fire had damaged the buildings, Diconia did not promptly hire a contractor to properly characterize and remove the debris and rubble.

40. Diconia failed to timely and adequately address any safety or other issues associated with the urgent need to demolish the buildings once they were damaged. For example, and upon information and belief, when Diconia received notice that the fire-damaged buildings could collapse, Diconia did not promptly hire a contractor to properly demolish the buildings and properly characterize and remove the debris and rubble.

41. Diconia failed to timely and adequately address concerns raised by EPA and other agencies regarding the buildings and the property.

42. To the extent Pilling had involvement with the actions alleged in the Complaint, those actions were taken due to Diconia's failure to timely and adequately address safety and other issues associated with the building, the property, debris associated with the property, and related issues.

43. If Pilling is determined to be a person liable to the United States under CERCLA section 107(a), 42 U.S.C. § 9607(a), and if Pilling is determined to be liable for any or all of the costs sought by the United States in this action, all such costs should be allocated to Diconia under CERCLA section 113(f)(1), 42 U.S.C. § 9613(f)(1), based on these and other equitable factors to be proven at trial. Pilling is entitled to a declaration to this effect. *See* 28 U.S.C. § 2201(a).

44. To the extent the United States obtain a declaratory judgment that Pilling is liable for future costs incurred by the United States, Pilling is entitled to a declaration that such future costs are allocated to Diconia under CERCLA section 113(f)(1), 42 U.S.C. § 9613(f)(1), based on these and other equitable factors to be proven at trial. *See* 28 U.S.C. § 2201(a).

### CROSSCLAIM COUNT 4
### (DECLARATORY JUDGMENT AGAINST TIBBETS)

45. All preceding paragraphs are re-alleged and incorporated by reference.

46. Pilling incorporates, upon information and belief, the allegations within the following paragraphs of the Complaint: ¶21, ¶22, ¶25, and ¶38.

47. Under the Declaratory Judgment Act, a court may declare the rights and other legal relations of any interested party seeking such declaration so long as it is a case of actual controversy with its jurisdiction. *See* 28 U.S.C. § 2201(a). A court may also grant further additional or necessary relief based on a declaratory judgment. *Id.* § 2022.

48. Under CERCLA section 9613(g)(2), 42 U.S.C. § 9613(g)(2), courts may "enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages." By its terms, this provision relates to cost-recovery actions under CERCLA section 107(a), 42 U.S.C. § 9607(a). But courts have noted that it does not prohibit declaratory relief in a contribution action under CERCLA section 113(f), 42 U.S.C. § 9613(f), and declaratory relief is therefore available under CERCLA or the Declaratory Judgment Act. *See New York v. Solvent Chem. Co., Inc.*, 664 F.3d 22, 25 (2d Cir. 2011); *accord also ASARCO LLC v. Celanese Chem. Co.*, 792 F.3d 1203, 1213 n.5 (9th Cir. 2015) (noting that if a party had filed a contribution claim under section 113(f) "it could have sought a declaratory judgment for contribution costs").

49. The allegations contained in the Complaint confirm a present and actual controversy between the parties to this action.

50. Tibbets operated the property, and the buildings, at issue in the Complaint during all time periods relevant to this action. If hazardous materials were released from the property or the buildings, as alleged by the United States in this action, Tibbets is an "operator" of a facility from which hazardous materials are released and thus a "person who is liable or potentially liable under section 9607(a)" of Title 42. 42 U.S.C. § 9613(f)(1).

51. Tibbets selected and hired contractors to dispose of debris and materials at the property and from the buildings. If and to the extent that debris and those materials contained asbestos or other "hazardous materials" under CERCLA, Tibbets arranged for the disposal of them and is therefore a "person who is liable or potentially liable under section 9607(a)" of Title 42. 42 U.S.C. § 9613(f)(1).

52. Any actions taken by Pilling with respect to the property, demolition of the buildings, asbestos on the property or within the buildings, or otherwise related to the actions identified in the Complaint were taken on behalf of, and for the benefit of, Tibbets as the operator of the property and buildings and as the sole member of the owner of the property and buildings.

53. Tibbets failed to timely and adequately address safety and other issues associated with the fire-damaged buildings. For example, and upon information and belief, when Tibbets learned that fire had damaged the buildings, Tibbets did not promptly hire a contractor to properly characterize and remove the debris and rubble.

54. Tibbets failed to timely and adequately address any safety or other issues associated with the urgent need to demolish the buildings once they were damaged. For example, and upon information and belief, when Tibbets received notice that the fire-damaged buildings could collapse, Tibbets did not promptly hire a contractor to properly demolish the buildings and properly characterize and remove the debris and rubble.

55. Tibbets failed to disclose to Pilling any samples that may have indicated the presence of asbestos within the debris or materials at the property or in the buildings.

56. Tibbets failed to timely and adequately address concerns raised by EPA and other agencies regarding the buildings and the property.

57. To the extent Pilling had involvement with the actions alleged in the Complaint, those actions were taken due to Tibbets' failure to timely and adequately address safety and other issues associated with the building, the property, debris associated with the property, and related issues.

58. To the extent Pilling had involvement with the actions alleged in the Complaint, those actions were taken by Pilling on Tibbets' behalf, at Tibbets' request, for the purposes of benefitting Tibbets regarding his status as operator of the property buildings and his status as sole member of Diconia.

59. If Pilling is determined to be a person liable to the United States under CERCLA section 107(a), 42 U.S.C. § 9607(a), and if Pilling is determined to be liable for any or all of the costs sought by the United States in this action, all such costs should be allocated to Tibbets under CERCLA section 113(f)(1), 42 U.S.C. § 9613(f)(1) based on these and other equitable factors to be proven at trial. Pilling is entitled to a declaration to this effect. *See* 28 U.S.C. § 2201(a).

60. To the extent the United States obtain a declaratory judgment that Pilling is liable for future costs incurred by the United States, Pilling is entitled to a declaration that such future costs are allocated to Tibbets under CERCLA section 113(f)(1), 42 U.S.C. § 9613(f)(1), based on these and other equitable factors to be proven at trial. *See* 28 U.S.C. § 2201(a).

61. Discovery is ongoing. Pilling reserves the right to amend these crossclaims, add additional crossclaims, and take all other actions as new facts are discovered

### PRAYER FOR RELIEF

For these reasons, Pilling requests that the Court provide relief as follows:

1. That the United States recover nothing from Pilling under the Complaint;

2. That the Complaint against Pilling be dismissed with prejudice and without costs or fees;

3. That, if any liability is assessed against Pilling under the Complaint, costs associated with such liability be allocated to Diconia in its entirety pursuant to Pilling's crossclaims;

4. That, if any liability is assessed against Pilling under the Complaint, costs associated with such liability be allocated to Tibbets in its entirety pursuant to Pilling's crossclaims;

5. That, if any liability for future costs is assessed against Pilling under the Complaint by way of declaratory judgment, a declaratory judgment be entered against Diconia allocating all such costs to Diconia, and none to Pilling, pursuant to Pilling's crossclaims, under either the Declaratory Judgment Act, 28 U.S.C. § 2201(a), CERCLA section 113(g), 42 U.S.C. § 9613(g)(2), or both;

6. That, if any liability for future costs is assessed against Pilling under the Complaint by way of declaratory judgment, a declaratory judgment be entered against Tibbets allocating all such costs against Diconia pursuant to Pilling's crossclaims under either the Declaratory Judgment Act, 28 U.S.C. § 2201(a), CERCLA section 113(g), 42 U.S.C. § 9613(g)(2), or both;

7. That Pilling be awarded attorney fees and costs associated with this action;

8. That the Court award such other relief as it deems just and proper.

Dated: March 7, 2025.

GIVENS PURSLEY LLP

By */s/ Preston N. Carter*
    Preston N. Carter
    Jeffrey S. Beelaert
    Morgan D. Goodin
    Attorneys for Brek A. Pilling

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 7, 2025, I caused a true and correct copy of the foregoing to be filed electronically using the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected below:

Dania Anderson Glaser                                danica.glaser@usdoj.gov
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
PO Box 7611, Ben Franklin Station
Washington, DC 20044
Phone: (202) 514-8270
*Attorneys for United States of America*

Christine G. England                                 Christine.England@usdoj.gov
Assistant United States Attorney
District of Idaho
1290 W. Myrtle St. Suite 500
Boise, ID 83702-7788
Phone: (208) 334-1211
*Attorneys for United State of America*

Brian Tibbets                                        ( x ) U.S. Mail, Postage Prepaid
1411 23rd St.                                        ( x ) Email: btibbets@gmail.com
Ogden, UT 84401

Diconia LLC                                          ( x ) U.S. Mail, Postage Prepaid
c/o Northwest Registered Agent LLC
401 Ryland St., Ste. 200-A
Reno, NV 89502


                */s/ Preston N. Carter*
                Preston N. Carter